2010 ME 26

**WAHLCOMETROFLEX, INC.**

v.

**Alexander G. BALDWIN.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2010.
Decided: March 25, 2010.

George J. Marcus, Esq., David C. Johnson, Esq., Lee H. Bals, Esq. (orally), Marcus, Clegg & Mistretta, P.A., Portland, ME, for Alexander G. Baldwin.

Paul McDonald, Esq., Theordore A. Small, Esq. (orally), Bernstein Shur, Portland, ME, for WahlcoMetroflex, Inc.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

JABAR, J.

[¶ 1] Alexander G. Baldwin, former president and director of WahlcoMetroflex, Inc., appeals from a judgment entered in favor of the company in the Superior Court (Androscoggin County, *Wheeler, J.*) following a jury trial. Baldwin argues that the court erred in instructing the jury on the fiduciary duty of care and, on the nonjury count, erred in finding that he had been unjustly enriched. Because we agree that the jury was improperly instructed, we vacate the jury's verdict of breach of fiduciary duty and remand this issue for a new trial. We also vacate the portion of the judgment finding unjust enrichment.

## I. BACKGROUND

[¶ 2] WahlcoMetroflex is a Delaware corporation located in Lewiston that designs and manufactures industrial dampers and expansion joints. Alexander Baldwin and six other shareholders formed the company in 2001. Each shareholder held a management position, with Baldwin as the president and chief executive officer (CEO).

[¶ 3] At WahlcoMetroflex's inception, Baldwin was one of two individuals responsible for negotiating the terms of a credit and security agreement between the company and Wells Fargo Business Credit. WahlcoMetroflex obtained a loan and a line of credit from Wells Fargo, and this financing was secured by personal guaranties from all seven shareholders. The guaranties obligated each shareholder to prepare an annual financial statement listing personal assets, liabilities, and net worth as of December 31, and to forward the statement to Wells Fargo no later than January 31 of the following year. If a shareholder did not provide his personal financial statement by April 30, Wells Fargo could fine WahlcoMetroflex $200 per day for each late financial statement.

[¶ 4] For the years 2001 and 2002, Wells Fargo received Baldwin's financial documents. For 2003 and 2004, Baldwin inadvertently failed to submit his statements. Because of Baldwin's inaction, Wells Fargo fined WahlcoMetroflex.

[¶ 5] Due to financial difficulties at the company, in late 2003 every shareholder took a twenty percent pay cut. Then, towards the end of December 2003, Baldwin announced that he was cutting his salary by seventy-five percent and stepping back from the company. He did, however, retain the position of president and CEO.

[¶ 6] In January or early February 2004, Baldwin accepted a consultant position with British Petroleum. British Petroleum is not a competitor of WahlcoMetroflex, and Baldwin did not usurp any of WahlcoMetroflex's customers or business opportunities when he began consulting for British Petroleum. As a consultant, Baldwin worked for British Petroleum on an as-needed basis.

[¶ 7] After Baldwin stepped back from the company and began working for British Petroleum, he had minimal contact with the other shareholders. At the end of March 2004, WahlcoMetroflex sent Baldwin a letter informing him that the company had elected a new president but inviting him to stay involved with the company. In response, Baldwin resigned.

[¶ 8] WahlcoMetroflex initiated this action in May 2007 and filed a seven-count amended complaint several months later. The complaint was organized around two types of conduct: Baldwin's failure to provide his personal financial statements in 2003 and 2004, and Baldwin's employment

with British Petroleum while still an employee and officer of WahlcoMetroflex. The company alleged that the failure to provide his financial statements resulted in a breach of fiduciary duty (Count 1), a breach of contract with WahlcoMetroflex (Count 2), a breach of contract to which WahlcoMetroflex was a third-party beneficiary (Count 3), negligence (Count 4), and tortious interference (Count 5). In addition, WahlcoMetroflex asserted that Baldwin's work for British Petroleum resulted in a breach of fiduciary duty (Count 6), and unjust enrichment (Count 7).

[¶ 9] Following a two-day trial, Baldwin moved, pursuant to M.R. Civ. P. 50(a), for judgment as a matter of law as to all counts. The court granted the motion on the second, fourth, and fifth counts. The court then instructed the jury on all remaining claims except unjust enrichment, which was a nonjury count.

[¶ 10] On the first count, the court instructed the jury that, based on Delaware law, Baldwin could breach his fiduciary duty by failing to act in accordance with the duties of loyalty, good faith, or care. Addressing the duty of care, the court explained:

> You may also find that Mr. Baldwin breached a duty of care if you determine that he failed to provide Wells Fargo with personal financial statements and, in doing so, acted with reckless indifference to or a deliberate disregard [of] the company's shareholders or engaged in actions which are without the bounds of reason, *or if you find that he did not act with care, competence and diligence* when he failed to provide Wells Fargo with personal financial statements.

(Emphasis added.) At the completion of the jury instructions, Baldwin objected to the "care, competence and diligence" language, arguing that it was "almost tantamount to [a] negligence instruction."

[¶ 11] The jury found that Baldwin breached his fiduciary duty by failing to provide his financial statements and awarded WahlcoMetroflex $10,000 in compensatory damages. The jury returned a verdict in Baldwin's favor on the third-party beneficiary claim. The jury also found that Baldwin was not "liable for breach of fiduciary duty for having worked for British Petroleum while also serving as WahlcoMetroflex's [p]resident, CEO or director[.]"

[¶ 12] After the jury's verdict, the court took the unjust enrichment count under advisement. The court found that Baldwin failed to perform his duties as president and CEO of WahlcoMetroflex after he began working at British Petroleum. Because Baldwin received a salary from WahlcoMetroflex during this period, the court determined that he had been unjustly enriched. The court awarded WahlcoMetroflex damages representing the full amount that it paid Baldwin in 2004.

[¶ 13] Baldwin filed a motion for reconsideration, which the Superior Court denied. He then filed this appeal.

## II. DISCUSSION

### A. Duty of Care Instruction

[¶ 14] Baldwin argues that the court erred in instructing the jury that he could breach the duty of care he owed as a corporate officer by acting with negligence.[1] We review jury instructions "in

---

1. Although WahlcoMetroflex argues that Baldwin assumed fiduciary duties as a shareholder and guarantor that were independent of those he assumed as a corporate officer, we find this argument to be without merit. *See Weinstein Enters. v. Orloff*, 870 A.2d 499, 507 & n. 14 (Del.2005) (a shareholder owes a fiduciary duty only if he owns a majority

their entirety to determine whether they fairly and correctly apprised the jury in all necessary respects of the governing law." *Wood v. Bell*, 2006 ME 98, ¶ 20, 902 A.2d 843, 851. When a party preserves an objection to a jury instruction pursuant to M.R. Civ. P. 51(b), an error in the instruction is reversible if it results in prejudice. *Niedojadlo v. Cent. Me. Moving & Storage Co.*, 1998 ME 199, ¶ 8, 715 A.2d 934, 936.

■ [¶ 15] The parties agree that Delaware substantive law applies to the issues on appeal. The general principles applicable to corporate officers and directors are well-known: they owe the fiduciary duties of good faith, loyalty, and care to their corporation; their actions are ordinarily presumed proper and entitled to the protection of the business judgment rule; a breach of a fiduciary duty can eliminate the protection afforded by the business judgment rule; and once the presumption of the business judgment rule is rebutted, the officers and directors must prove that the challenged transaction was entirely fair. *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 52 (Del.2006); *Emerald Partners v. Berlin*, 787 A.2d 85, 90–91 (Del.2001).

■ [¶ 16] When the business judgment rule applies, the standard to determine a breach of the fiduciary duty of care is gross negligence. *Aronson v. Lewis*, 473 A.2d 805, 812 (Del.1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253–54 (Del.2000). Gross negligence is defined as "reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason." *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d

150, 192 (Del.Ch.2005) (quotation marks omitted).

■ [¶ 17] The business judgment rule, however, does not apply when officers "have either abdicated their functions, or absent a conscious decision, failed to act." *Aronson*, 473 A.2d at 813. In the instant case, the business judgment rule did not apply to Baldwin's failure to provide his personal financial statements. Thus, the question on appeal is whether negligence or gross negligence is required to breach the fiduciary duty of care when the business judgment rule is inapplicable.

[¶ 18] Addressing this same question, the Delaware Court of Chancery concluded that the duty of care is breached by gross negligence. *In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 748 & n. 418 (Del.Ch.2005). The court noted that one Delaware case, *Rabkin v. Philip A. Hunt Chem. Corp.*, 1987 WL 28436, 1987 Del. Ch. Lexis 522 (Del. Ch.1987), held that ordinary negligence is the appropriate standard when the business judgment rule does not apply. *In re Walt Disney Co.*, 907 A.2d at 748 n. 418. The court went on to explain that later cases appear to have "eclipsed *Rabkin* by implicitly accepting that gross negligence is the appropriate standard even in cases of director inaction and lack of oversight." *Id.* (citing *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959 (Del.Ch.1996); *Seminaris v. Landa*, 662 A.2d 1350 (Del.Ch.1995); *In re Baxter Int'l, Inc. Shareholders Litig.*, 654 A.2d 1268 (Del.Ch.1995)).

■ [¶ 19] Thus, Delaware law requires gross negligence to establish a breach of the duty of care even when the protections of the business judgment rule do not apply. The Superior Court erred in

interest or exercises control over the business affairs of the corporation); *McMahon v. New Castle Assocs.*, 532 A.2d 601, 604–05 (Del.Ch.

1987) (fiduciary duties do not arise from arms-length business relationships).

instructing the jury that Baldwin could breach the duty of care by failing to act with "care, competence and diligence." Further, because the instruction allowed the jury to assess Baldwin's conduct against a lesser standard than what was actually required for a violation of the law, the court's error was prejudicial. Accordingly, we vacate the jury's verdict on this count and remand this issue for a new trial.

## B. Unjust Enrichment

[¶ 20] Two claims centered on Baldwin's simultaneous employment by British Petroleum and WahlcoMetroflex: a legal claim for breach of fiduciary duty[2] and an equitable claim for unjust enrichment. Under Delaware law, "[u]njust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999) (quotation marks omitted). Unjust enrichment is recognized both (1) as a substantive cause of action and (2) as a prerequisite to an equitable or legal restitutionary remedy for another cause of action. Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 12.01[b] (Matthew Bender 2009). When used as a substantive cause of action, it is limited to circumstances where no wrongdoing is present and it provides the only ground for any recovery. *Id.*

[¶ 21] Such limitations on the use of unjust enrichment as a substantive cause of action can be understood, at least in part, as measures to prevent the circumvention of an applicable legal claim through the use of a more general unjust enrichment claim. *See* 1 Dan B. Dobbs, *Dobbs Law of Remedies: Damages–Equity–Restitution* § 2.5(1), at 125, § 4.1(2), at 561 (2d ed.1993); Douglas Laycock, *The Death of the Irreparable Injury Rule*, 103 Harv. L.Rev. 687, 752–55 (1990). Moreover, in tort often "an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched)." *Sao Paulo v. Am. Tobacco Co.*, 919 A.2d 1116, 1124–25 (Del.2007) (quotation marks omitted); *see also Grynberg v. Total S.A.*, 538 F.3d 1336, 1352 (10th Cir. 2008) (noting that there is no practical difference between a tort claim for breach of fiduciary duty and an unjust enrichment claim in which the enrichment is claimed to be unjust because it was accomplished through a breach of fiduciary duty). Therefore, if the tort claim fails, the unjust enrichment claim must fail as well. *See Sao Paulo*, 919 A.2d at 1125.

[¶ 22] As a further limitation, to pursue unjust enrichment in equity, the plaintiff must lack an adequate remedy at law. *See McPadden v. Sidhu*, 964 A.2d 1262, 1277 n. 44 (Del.Ch.2008). A remedy at law is adequate if it "(1) is as complete, practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, and (2) is obtainable as of right." *In re Real Property of Former Wife, K.*, 297 A.2d 424, 426 (Del.Ch. 1972). "[W]hether a litigant seeking equitable relief has an adequate remedy at law is a question of law." *Keniston v. JPMorgan Chase Bank*, 2007 ME 29, ¶ 9 n. 6, 918 A.2d 436, 439 (quotation marks omitted).

[¶ 23] Here, WahlcoMetroflex cannot succeed on its unjust enrichment claim. The claim was based on the same facts as the company's claim for breach of

---

**2.** On this breach of fiduciary duty count, the jury was instructed that Baldwin was entitled to the protection of the business judgment rule.

fiduciary duty. There is no detectable difference between the company's tort claim for breach of fiduciary duty and its unjust enrichment claim in which the enrichment is claimed to be unjust because it was accomplished through a breach of fiduciary duty. Accordingly, the unjust enrichment claim cannot survive as an independent cause of action and must be dismissed.

The entry is:

Judgment vacated in part. Remanded for a new trial limited to the issue of Baldwin's breach of fiduciary duty for the failure to provide personal financial statements (Count 1) and for dismissal of the unjust enrichment claim. In all other respects, the judgment is affirmed.